UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Bernard Coleman Davis**, | ) C/A No. 4:07-2781-TLW-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| James Harwell; | ) |
| Stanley Steemer, Inc.; | ) |
| Benjamin R. Matthews; | ) |
| McLeod Hospital; | ) |
| State Police Department; | ) |
| Bobby Lee Gainey; and | ) |
| Ms. NFN Lindsey, | ) |
| Defendants. | ) |

This is a civil action filed *pro se*.[1] Plaintiff has submitted a Complaint to the Court containing allegations about "discrimination" that he claims to have experienced in his dealings with several business, medical, and legal organizations and with several individuals. Plaintiff's allegations about the nature of the alleged "discrimination" are vague and conclusory in that, other than alleging that the various Defendants "purpotrated [sic][2] discrimination" against him, Plaintiff does not clearly describe what each action each Defendant allegedly took against him that resulted in "discrimination." The only descriptive passage about any Defendants' action is: "They just following me places tracking words I say family who I visit, phone calls." Complaint, at 4. Plaintiff does not specify which of the several Defendants are following and tracking him, nor does he say

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

[2] Plaintiff probably meant: "perpetrated."

where such activity occurred, nor does he give any specific times or dates that such activity occurred other than to say: "How long has this been going (forgoing) exactly 6 months to several years." *Id.* The relief requested is "justice that to dis-proceed (stop) and/or ignore they," and damages in the amount of $ 489, 999.99. *Id.* at 5.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[3] Even under this less stringent standard,

---

[3] The mandated liberal construction afforded to *pro se* pleadings means that if the court can
(continued...)

2

the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Analysis

The Complaint filed by Plaintiff is characterized by what some courts have described as "buzzwords" or "gibberish[.]" *See Coghlan v. Starkey*, 852 F.2d 806, 812-16 (5th Cir. 1988)(collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D.Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. N.Y. Stock Exchange*, No. 88 C 9965, 1989 WL 82007 (N.D. Ill. July 10, 1989). As a result, without excessive expenditure of precious judicial resources, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Even though the Court does liberally construe *pro se* pleadings, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and

---

$^{3}$(...continued)
reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). By repeatedly asserting that the Defendants "purpotrated [sic] discrimination," without offering any kind of substantial factual allegations underlying this legal conclusion, Plaintiff's Complaint fails to meet the requirements of either Rule 8(a) or 12(b)(6) and is, in fact, frivolous and subject to summary dismissal. *See Antonio v. Moore*, No. 05-6272, 2006 WL 584395 (4th Cir. March 9, 2006).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 27, 2007  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).